UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Katie M. Norris, | ) | CASE NO. 1:10 CV 1909 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Smart Document Solutions, LLC | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. 8). This is a class action lawsuit. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiff, Katie M. Norris, filed this lawsuit on behalf of herself and other similarly situated individuals, against defendant, Smart Document Solutions, LLC f/k/a Smart Corporation. For purposes of ruling on defendant's motion, the facts in the complaint are presumed true.

1

Defendant is an entity that is in the business of photocopying medical records on behalf of hospitals. On or about April 16, 2002, plaintiff requested a copy of her medical records from the Ashtabula County Medical Center. In response to the request, defendant and its personnel accessed plaintiff's medical records. Defendant did not obtain plaintiff's consent prior to accessing the records. Thereafter, plaintiff filed this lawsuit asserting a claim for "loss of confidentiality of her medical records and invasion of privacy." The claim is asserted on behalf of plaintiff and the class members.

Defendant moves to dismiss the lawsuit and plaintiff opposes the motion.

**STANDARD**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

### **ANALYSIS**

Defendant argues that the complaint must be dismissed because plaintiff's claim is barred by the statute of limitations. According to defendant, plaintiff's claim is governed by the four-year statute of limitations set forth in O.R.C. § 2305.09(D). Because plaintiff alleges that defendant accessed her medical records on April 16, 2002, more than four years before the filing of the complaint on August 26, 2010, the statute of limitations bars plaintiff's claim. Defendant further argues that plaintiff's claim is not subject to the discovery rule. Regardless, defendant points out that plaintiff fails to allege sufficient facts to support the application of the discovery rule. In the alternative, defendant argues that the complaint fails to state a claim for which relief may be granted because defendant lawfully accessed plaintiff's medical records.

In response, plaintiff does not dispute that the four-year statute of limitations set forth in O.R.C. § 2305.09(D) applies. Rather, plaintiff argues that the statute of limitations is tolled by

3

the discovery rule. As such, the statute of limitations did not begin to run until plaintiff discovered defendant's wrongful conduct. Plaintiff further argues that defendant's actions violate Ohio law and, as such, plaintiff's complaint states a valid claim.

Upon review, the Court finds that the complaint must be dismissed because plaintiff's claim is barred by the statute of limitations. As defendant points out, Ohio recognizes the tort of "unauthorized, unprivileged disclosure to a third party of nonpublic medical information that a physician or hospital has learned within a physician-patient relationship." *Biddle v. Warren Gen. Hosp.*, 715 N.E.2d 518, 523 (Ohio 1999). Ohio's statute of limitations provides as follows,

> Except as provided for in division (C) of this section, an action for any of the following causes shall be brought within four years after the cause thereof accrued:
>
> (A) For trespassing upon real property;
>
> (B) For the recovery of personal property, or for taking or detaining it;
>
> (C) For relief on the ground of fraud, except when the cause of action is a violation of section 2913.49 of the Revised Code, in which case the action shall be brought within five years after the cause thereof accrued;
>
> (D) *For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code*;
>
> (E) For relief on the grounds of a physical or regulatory taking of real property.

O.R.C. § 2305.09 (emphasis added).

The Court finds that plaintiff's claim for "loss of confidentiality of her medical records and invasion of privacy" is subject to O.R.C. 2305.09(D)'s four-year statute of limitations.

Furthermore, the Ohio legislature expressly indicated that the discovery rule applies to toll the statute of limitations only in certain limited circumstances. O.R.C. § 2305.09 contains the following provision,

4

> If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered.

Thus, there is no indication that the Ohio legislature intended to apply the discovery rule to a claim for "loss of confidentiality of medical records and invasion of privacy." *See*, *Investors REIT One v. Jacobs*, 546 N.E.2d 206, 211 (Ohio 1989)("the legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute"). Accordingly, the discovery rule is inapplicable to plaintiff's claim.[1]

Even if the discovery rule could be applied to plaintiff's claim, plaintiff wholly fails to allege any facts supporting the application of the rule in this case. Rather, plaintiff simply alleges that she requested her medical records on April 16, 2002. Plaintiff does not allege when she discovered any alleged wrongdoing. For this additional reason, plaintiff's claim is barred by the statute of limitations. Having so concluded, the Court need not reach whether plaintiff's complaint also fails to state a claim for which relief may be granted.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.

---

[1] In support of its position, plaintiff cites to *Metz v. Unizan Bank*, 2008 U.S. Dist. LEXIS 112782 (N.D. Ohio 2008) and *Norgard v. Brush Wellman*, 766 N.E.2d 977 (Ohio 2002). *Metz* involved a claim for fraud, which is expressly covered by the discovery rule set forth in O.R.C. § 2305.09. *Norgard* involved a workplace injury tort, which is governed by the statute of limitations set forth in O.R.C. § 2305.10. That statute does not contain an express provision regarding the discovery rule. Accordingly, neither *Metz* nor *Norgard* applies to the facts of this case.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/20/11